# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TEEL S. STYLES § | |
| § | Civil Action No. 4:17-CV-791 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| MCDONALDS RESTAURANT § | |

## MEMORANDUM ADOPTING AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 28, 2019, the amended report of the Magistrate Judge (Dkt. #49) was entered containing proposed findings of fact and recommendations that Defendant's Motion to Dismiss Amended Complaint be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #50), Defendant's Response (Dkt. #52), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's amended report should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objections. On August 18, 2017, Plaintiff initiated suit in the Northern District of Texas, against Defendant McDonalds Restaurants of Texas, Inc. ("Defendant") (Dkt. #3 at p. 3). The case was transferred to the Eastern District of Texas on November 7, 2017 (Dkt. #15). On January 24, 2018, the Court notified Plaintiff that because over 90 days had passed from the filing of her Complaint and Defendant had not been served, her case would be dismissed unless she served Defendant by February 28, 2018 (Dkt. #21). Thereafter Plaintiff prepared service of process, and on February 8, 2018, summons was issued to Defendant,

by and through "Mc Donalds Restuartant [sic] of Texas Attn: Joann Carmody, Human Resource Department Coordinator, Mc Donald"s [sic] Drive Department 146, Oak Brook, IL 60521" (Dkt. #22). Plaintiff indicated that Defendant was served on February 13, 2018 (Dkt. #23).

Defendant filed its first Motion to Dismiss on March 6, 2018 (Dkt. #25), and on June 14, 2018, the Magistrate Judge entered a Report and Recommendation, recommending that Defendant's Motion to Dismiss be granted, and Plaintiff's claims be dismissed under both Rule 12(b)(5) for failure to properly serve Defendant and under Rule 12(b)(6) for failure to exhaust administrative remedies and/or failure to state a claim (Dkt. #30). Plaintiff subsequently filed objections to the Report and asked for an opportunity to amend (Dkt. #31). In light of Plaintiff's *pro se* status, the Magistrate Judge withdrew the June 14 Report and Plaintiff was given an opportunity to amend her complaint and correct the deficiencies in service (Dkt. #34). The Magistrate Judge's Order specifically delineated that "subsequent to the filing of any amended complaint, Plaintiff is obligated to properly serve Defendant." (Dkt. #34 at p. 2).

On August 24, 2018, Plaintiff filed her Amended Complaint (Dkt. #36), stating:

I Teel Styles Hereby File This Complaint Against The Formally Employer Known as Mc Donalds Restaraunt [sic] on The grounds Of Violating The EQual Opportunity Employment commission Regulations (EPA). I state for the Record that. On Or about MAY 2016 . I worked for Mcdonalds Restaraunt [sic] and Mc Donlads [sic] Failed to pay, train, and schedule shift hours of work. And After trying to clarify The incorrect pay. The management didnt [sic] Take the complaint very seriously so,. I Then, Produced the Store with A letter addressing the Concern Of My Pay giving them A TIME limit To Have come up with a solution as to how might this issue could have been Resolved. Followed by a police Complaint.

Inregards [sic] to the Church Violence. I state that As a New Employee coming In. I was Harrased [sic] by the Store through verbal Outburst Regarding Fellowship Church.

(Dkt. #36 at p. 1). Defendant filed its second Motion to Dismiss on September 10, 2018, again moving under both Rule 12(b)(5) and 12(b)(6) (Dkt. #37). Plaintiff filed a response on October 9, 2018 (Dkt. #40), and Defendant filed a reply on October 15, 2018 (Dkt. #41). On December 12, 2018, the Magistrate Judge entered a Report and Recommendation (Dkt. #42), recommending that Defendant's second Motion to Dismiss be granted (Dkt. #37), and that Plaintiff's claims be dismissed under Rule 12(b)(5) for failure to properly serve Defendant and under Rule 12(b)(6) for failure to state a claim. Plaintiff filed her Objections on January 3, 2019 (Dkt. #44). On January 17, 2019, Defendant responded to Plaintiff's Objections (Dkt. #47). On January 25, 2019, the Court withdrew its Report and Recommending upon determining that it had omitted a good cause analysis in its consideration of Plaintiff's case and Rule 12(b)(5). To address this omission, the Magistrate Judge entered an Amended Report and Recommendation on January 28, 2019, again recommending that Defendant's second Motion to Dismiss be granted, and Plaintiff's claims be dismissed under Rule 12(b)(5) and Rule 12(b)(6) (Dkt. #49). Plaintiff filed her Objections on February 26, 2019 (Dkt. #50). On March 11, 2019, Defendant filed a response to Plaintiff's Objections (Dkt. #52).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff's Objections relate only to the Report's finding under Rule 12(b)(5); Plaintiff does not address the Report's finding that her claims should also be dismissed under Rule 12(b)(6). As such, those findings are adopted, and the Court considers Plaintiff's objections regarding Rule 12(b)(5). Plaintiff asserts, in pertinent part, that:

> I Rcall [sic] in Our Last Conversation Prior to this One.Providing Information that The Error(S) Were in fact Found On the Court For Reasons that, The Court Failed the Summons Process Initally [sic], By Not Following the Civil Rule for Pro-SE case Filing by not Sending / Providing Court Seal for summons The Defendant. I also Recall Indicating that the District Court House clerk (S) were in-fact Apparently New and May/may not Have Fufill [sic] Guideliness [sic] to the Full Extint [sic]. However, I believe To the Best of my Recollect that the summons Process was completed properly there before Court Camera for reasons that. The clerk Can Not Seal a Summons without verifying that All information to the summons is Properly filled Out.
>
> ***
>
> The Order Also stated that. When Teel Styles failed to Comply with The Court and failed to serve the Defendant within 90days of the. The Court Issued Notice To Dismiss. 1 have Objection to the statement for Reasons that 90 days had Not passed since the filing of this case. Generally. A plaimtiff [sic] has 90 days To serve the Defendant in Federal District civil case (S) following filing of a case. However, This case was A transfer Case whereby Court filing fees had to be paid After transfer . And 90 days had not Passed that Process Prior to the dismissal Notice being mailed from Federal Easthern [sic] District Court. I Recollect, that the dismissal noticed was mailed from the Court within 30 days Or Less, which is Error. Therefore the plaintiff is just and, All authorized agent Provided By The Federal Government Were In- Deed Properly Served and Default Serves as Right Against the Defendant. Therefore, Objection to the dismissal in this case.

(Dkt. #50 at pp. 1–2). The Magistrate Judge's Report found that service was defective because: (1) Plaintiff failed to send a summons with a copy of her Amended Complaint; (2) Plaintiff sent the mailing to someone unauthorized to accept service for Defendant; and (3) Plaintiff, an interested party, personally served process on Defendant (Dkt. #49 at pp. 6–9). The Court's prior Report, which was withdrawn, found service was defective for virtually identical reasons, delineating that: (1) Plaintiff failed to send her complaint with the summons; (2) Plaintiff sent the mailing to someone unauthorized to accept service for Defendant; and (3) Plaintiff, an interested party, personally served process on Defendant. As referenced previously, in the Order Withdrawing the June 14, 2018 Report and Recommendation, Plaintiff was expressly advised that "[s]ubsequent to the filing of any amended complaint, Plaintiff is obligated to properly serve Defendant" (Dkt. #34 at p. 2).

Indeed, as Defendant asserts, "Plaintiff only objects to the Magistrate Judge's findings regarding service, claiming that any errors in the summons process were the fault of the Court and its clerks and that 90 days had not passed before the Court issued the January 1, 2018 Notice of Pending Dismissal instructing Plaintiff that her case would be dismissed unless she completed service. Neither of these excuses justifies Plaintiff's repeated failure to correct the deficiencies in her service" (Dkt. #52 at p. 2). The record in this matter clearly shows that Plaintiff filed the instant suit on August 18, 2017 (Dkt. #3), and also sought leave to proceed *in forma pauperis* (Dkt. #4). The Court received Plaintiff's filing fee on December 27, 2017. A Notice of Impending Dismissal was entered in this case on January 24, 2018, over five months after Plaintiff's initial complaint was filed (Dkt. #21); *see also* Fed. R. Civ. P. 4 ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). On February 8, 2018, Plaintiff prepared summons, which was signed by a member of the Clerk's Office staff (Dkt. #22). Plaintiff filed proof of executed summons on February 20, 2018, wherein she attached shipment receipts indicating that she personally mailed summons to "Mc Donalds Restuartant [sic] of Texas Attn: Joann Carmody, Human Resource Department Coordinator, Mc Donald"s [sic] Drive Department 146, Oak Brook, IL 60521," an individual unauthorized to accept service on Defendant's behalf (Dkt. #23). Plaintiff was made aware that service in this manner on Defendant was improper, and that she was required to properly serve Defendant with her Amended Complaint (Dkts. #30; #34). Notwithstanding, Plaintiff proceeded to personally mail her Amended Complaint, without a summons, to Defendant's counsel. Plaintiff did not properly serve Defendant with her Amended Complaint. Accordingly, Plaintiff's Objections are overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #50), Defendant's Response (Dkt. #52), and having conducted a de novo review, the Court adopts the Magistrate Judge's amended report (Dkt. #49) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant's Motion to Dismiss Amended Complaint (Dkt. #37) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.
**SIGNED this 15th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE